UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AA MEDICAL P.C.,

                       Plaintiff,        **MEMORANDUM AND ORDER**

 - against -                                2:20-cv-4333 (DRH) (ST)

IRON WORKERS LOCALS 40, 361 & 417
HEALTH FUND

                       Defendant.
------------------------------------------------------------X

**APPEARANCES**

**For Plaintiff**
Jeffrey S. Eisenberg, Esq.
2500 Nesconset Highway
Stony Brook, NY 11790

**For Defendant**
COLLERAN, O'HARA & MILLS L.L.P.
100 Crossways Park Drive West, Suite 200
Woodbury, NY 11797
By:    Patricia L. Boland, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff AA Medical P.C. ("Plaintiff") brings this action against Defendant Iron Workers Locals 40, 361 and 417 Health Fund ("Defendant"), alleging six causes of action: (1) failure to abide by a health plan's terms in violation of the Employment Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 502(a)(1)(B); (2) breach of fiduciary duty in violation of ERISA, 29 U.S.C. § 502(a)(3), (3) breach of contract, (4) breach of insured's contract with Defendant, (5) breach of third-party beneficiary contract, (6) unjust enrichment, (7) quantum meruit, and (8) account stated. This

matter concerns Defendant's alleged nonpayment of benefits arising from services rendered to Caroline Damo, Plaintiff's patient and assignor of rights under an ERISA health plan. Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's motion is GRANTED.

## BACKGROUND

The following facts from the Complaint are taken as true for the purposes of this motion.

Plaintiff is a New York-licensed practice of orthopedic surgeons who are out-of-network with Defendant, a self-insured and self-funded multi-employer benefit plan. (Compl. ¶ 1 [DE 1-1]). On July 21, 2015, Plaintiff performed arthroscopic knee surgery on nonparty Caroline Damo, a participant in Defendant's plan. (*Id.* ¶¶ 6–8). Plaintiff charged $120,678.00 for its services. (*Id.* ¶ 9).

In lieu of payment from Ms. Damo, Plaintiff accepted an assignment of her plan benefits, enabling Plaintiff to submit claims for repayment directly to Defendant. (*Id.* ¶¶ 5, 7). Plaintiff filed for repayment in full – as of December 30, 2015, Plaintiff has received only $10,878.23. (*Id.* ¶ 9). The parties last discussed Defendant's nonpayment on December 13, 2019. (*Id.* ¶ 11).

Plaintiff filed suit in New York State Supreme Court, Suffolk County on August 13, 2020. Defendant removed to this Court on September 16, 2020, (Notice of Removal [DE 1]), and moved to dismiss on October 30, 2020. [DE 14]. Despite receiving two extensions to file its opposition, (*see* [DEs 11, 12]), Plaintiff never

submitted papers related to Defendant's motion, (*see* Def.'s Letter dated March 12, 2021 [DE 13]). Defendant filed its unopposed moving papers on March 12, 2021. [DE 14].

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## DISCUSSION

Before addressing the merits of the motion, the Court notes it may consider the Summary Plan Description ("SPD")—which describes Ms. Damo's health plan benefits, *see* Ex. B at 15–17 [16-2] to Decl. of Brian J. Sabbagh ("Sabbagh Decl.") [DE 16]—as its terms are integral to the allegations in the Complaint, *e.g.*, *Neurological Surgery, P.C. v. Travelers Co.*, 243 F. Supp. 3d 318, 325 (E.D.N.Y. 2017) ("When deciding a motion to dismiss, a court may consider . . . ERISA plan documents."). The SPD makes clear that ERISA governs the plan. Ex. B at 15–17 Sabbagh Decl. (advising participants of "certain rights and protections" to which they are entitled pursuant to ERISA). Defendant's submissions assert the same. Sabbagh Decl. ¶ 2 (averring Defendant "is a multi-employer benefits fund as defined by Section 3 of [ERISA], 29 U.S.C. § 1002 et seq."); *see* Def. Mem. at 2 ("[Defendant] is a self-insured,

Page 4 of 11

self-funded multi-employer benefit plan within the meaning of Section 3(2) and 3(37) of ERISA.").

Under ERISA's framework, the Court proceeds, first, with whether Plaintiff's state law causes of action are preempted by ERISA, and, second, with whether Plaintiff's ERISA causes of action are time-barred.

I.  **Preemption**

ERISA established "uniform regulations" for employee benefit plans and, in doing so, provided participants and their beneficiaries "appropriate remedies, sanctions, and ready access to the Federal courts." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011) (quoting 29 U.S.C. § 1001(b)). ERISA's "comprehensive civil enforcement scheme" includes "expansive preemption provisions" in order to ensure that employee benefit plan regulations remain "exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (internal quotation marks omitted). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Id.* As stated in its statutory text, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

To assess whether state law claims are preempted, courts apply the two-prong test established by the Supreme Court in *Davila*. *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145–46 (2d Cir. 2017) (outlining the *Davila* test). ERISA preempts claims "brought (i) by an individual who at some point in time,

could have brought his claim under ERISA § 502(a)(1)(B)"—*i.e.*, both "whether the plaintiff is the type of party that can bring a claim pursuant to § 502(a)(1)(B)" and "whether the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)"—and brought "(ii) under circumstances in which there is no other independent legal duty that is implicated by a defendant's actions." *Montefiore Med. Ctr.*, 642 F.3d at 327–29 (internal quotation marks, footnote and alteration omitted). The test is conjunctive; each prong must be satisfied before ERISA preempts a state law claim. *Id.*

Defendant correctly contends that Plaintiff's state-law claims fit the *Davila* test to a T. Pursuant to Ms. Damo's assignment of ERISA health plan benefits, Plaintiff brings six state law causes of action, each of which can be construed as a colorable claim for benefits under ERISA § 502(a)(1)(B) arising from Defendant actions that fail to implicate an independent legal duty. Def. Mem. at 16–17. The manner in which Plaintiff pleads its case all but admits as much. For example, the breach of contract cause of action revolves around Defendant's

> agree[ment] that when [Plaintiff] provides health care to patients insured under a policy issued, funded or administered by [Defendant] then the [Defendant] will pay [Plaintiff] *the amount of benefits the patient is entitled to receive under its insurance plan* with respect to those health care services.

Compl. ¶ 37 (emphasis added). The causes of action for breach of insured's contract, breach of third-party beneficiary contract, and account stated are drafted similarly. *See id.* ¶¶ 50, 59, 90 (expressly pleading entitlement to the "full amount" or "entirety of" medical "benefits" under Ms. Damo's health plan). The Second Circuit has held that state law causes of action pleaded as such are preempted by ERISA. *Montefiore*

*Med. Ctr*, 642 F.3d at 324–25; *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146 (2d Cir. 1989) ("[W]e find that laws that have been ruled preempted are those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an employee.").

The unjust enrichment and quantum meruit allegations, despite not expressly using the term "benefits," "center[s] on" Plaintiff's provision of treatment to an ERISA-plan participant and "seeks payment for such services." *N. Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc.*, 953 F. Supp. 2d 419, 443–44 (E.D.N.Y. 2013) (Bianco, J.). While these causes of action are premised on the absence of a contract, Compl. ¶¶ 63–64, 74–75, they "concern rights that . . . are derived from the rights and obligations set forth in" Defendant's ERISA plan, *N. Shore-Long Island Jewish Health Care Sys.*, 953 F. Supp. 2d at 444. These claims are "inextricably intertwined with the interpretation of [ERISA plan] coverage and benefits" and are thus preempted. *Montefiore Med. Ctr*, 642 F.3d at 332; *e.g.*, Compl. ¶¶ 66, 77 (contending Plaintiff "should be reimbursed for its medical services [to Defendant's insured] as" an out-of-network provider).

At bottom, all six state law claims parallel those before then-district court, now-circuit judge Denny Chin, who explained:

> The conduct of which Plaintiff[] complain[s] . . . is nothing more than the manner by which Defendant[] decided not to reimburse patients. Such was the same situation confronted by the *Davila* Court, and the same result obtains here: Plaintiff['s] common law claims seek "only to rectify a wrongful denial of benefits promised under ERISA-regulated plans and do not attempt to remedy any violation of a legal duty independent

>of ERISA." As such, they involve no independent legal duty and are completely preempted.

*Weisenthal v. United Health Care Ins. Co. of New York*, 2007 WL 4292039, at \*6 (S.D.N.Y. Nov. 29, 2007) (quoting *Davila*, 542 U.S. at 213). Accordingly, Plaintiff's state law causes of action are preempted, leaving only the two ERISA causes of action.

## II. Statute of Limitations

Plaintiff's two ERISA causes of action, brought under §§ 502(a)(1)(B) and 502(a)(3), may not proceed because the limitations period expired before Plaintiff filed suit. The Supreme Court has held, "[a]bsent a controlling statute to the contrary, a participant and [an ERISA] plan [provider] may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 106, 134 S.Ct. 604, 187 L.Ed.2d 529 (2013). Defendant and Ms. Damo have so agreed. Page 52 of the SPD states: "No lawsuit may be started more than 3 years after the end of the year in which health services were provided." Ex. B at 52 to Sabbagh Decl. Three years—the same limitations period in *Heimeshoff*—"is not unreasonably short on its face." *Heimeshoff*, 571 U.S. at 109.

ERISA does not set forth a limitations period applicable to Plaintiff's § 502(a)(1)(B) cause of action. That is, and as recognized by the Supreme Court, ERISA is not "a controlling statute" superseding a plan's contractual limitations provision applicable to § 502(a)(1)(B) claims. *Id.* at 110–15; *Arkun v. Unum Grp.*, 767 Fed. App'x 51 (2d Cir. 2019) (enforcing contractual limitations period of three years against § 502(a)(1)(B) claim). Pursuant to Ms. Damo's plan, Plaintiff had to have filed

suit on the claim, which arose from a July 21, 2015 surgery, no later than December 31, 2018.  *See* Compl. ¶ 8.  Plaintiff commenced his lawsuit on August 13, 2020; the § 502(a)(1)(B) cause of action is time-barred.

ERISA does set forth, however, a statutory limitations period applicable to Plaintiff's § 502(a)(3) breach of fiduciary duty claim.  Under the statute, relief for such violations must be sought no later than "the earlier of—

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation,
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation."

29 U.S.C. § 1113; *see Frommert v. Conkright*, 433 F.3d 254, 272–73 (2d Cir. 2006).  As between this statutory period and that in an ERISA plan, district courts in the Second Circuit have construed the former as "controlling."  *E.g.*, *Falberg v. Goldman Sachs Grp., Inc.*, 2020 WL 3893285, at *5–6 (S.D.N.Y. July 9, 2020).  The Court need not decide the issue because Plaintiff's § 502(a)(3) claim is time-barred under both.

Plaintiff's § 502(a)(3) breach of fiduciary duty claim allegedly stems from Defendant "reducing payments due [its insured] for service provided by [Plaintiff] to benefit itself at the expense of [its insured]."  Compl. ¶ 32.  Assuming *arguendo* that the underlying facts implicate a breach of fiduciary duty,[1] this legal theory was

---

[1] Plaintiff's § 502(a)(3) claim and associated relief may better reflect a § 502(a)(1)(B) claim.  *See Wilkins v. Mason Tenders Dist. Council Pension Fund*, 445 F.3d 572, 582–84 (2d Cir. 2006); *Frommert*, 433 F.3d at 269–70.

rejected in *Manginaro v. Welfare Fund of Local 771, I.A.T.S.E.*, 21 F. Supp. 2d 284, 297–98 (S.D.N.Y. 1998). There, an ERISA plan participant alleged defendants breached their fiduciary duties when they denied benefits for nursing expenses due to their desire "to save money" rather than determine coverage. *Id.* The *Maginaro* Court held the § 502(a)(3) claim "accrued when [plaintiff] knew of the breach[] or violation[] underlying th[e] claim[], *i.e.*, when [the fiduciaries] denied coverage for [plaintiff's] nursing expenses." *Id.* In the same vein, then, Plaintiff's § 502(a)(3) claim accrued upon Defendant's denial of payment beyond the $10,878.23 remitted on December 30, 2015. Compl. ¶ 9. The parties' continued discussions regarding nonpayment does not bear on the date of accrual. Compl. ¶ 11; *see* 21 F. Supp. 2d at 298. As explained by the *Maginaro* Court: "To hold otherwise would be to permit plaintiffs to extend the limitations period established by Congress merely by requesting repeated reconsideration from the plan administrator or the insurer." 21 F. Supp. 2d at 298 (internal quotation marks omitted).

Applying the statute, Plaintiff's § 502(a)(3) claim expired three years from December 30, 2015, *i.e.*, December 30, 2018. Or, applying Ms. Damo's plan's limitation's period as above, Plaintiff's claim expired on December 31, 2018. Either way, Plaintiff's § 502(a)(3) claim had expired by August 13, 2020, the date on which Plaintiff filed its Complaint in state court.

## CONCLUSION

For the reasons discussed above, Defendant's motion is GRANTED in its entirety. Plaintiff's state law causes of action are preempted, and its ERISA causes

of action are time-barred. The case is DISMISSED and the Clerk of Court is respectfully directed to terminate the action.

**SO ORDERED.**

Dated: Central Islip, New York        s/ Denis R. Hurley
      July 9, 2021                       Denis R. Hurley
                                                United States District Judge